**CITY OF WILLIAMSPORT, Borough of Renovo, City of Buffalo, Borough of Emporium, Cameron County Chamber of Commerce, Co-Operative Legislative Committee-Railroad Brotherhoods in the State of Pennsylvania and George Hamilton Forman, Plaintiffs,**

**Pennsylvania Public Utility Commission, Intervening Plaintiff,**

**Milton J. Shapp, Intervening Plaintiff,**

**v.**

**UNITED STATES of America, Interstate Commerce Commission and Penn Central Transportation Company, Defendants.**

Civ. No. 70–64.

United States District Court,
M. D. Pennsylvania.

March 9, 1971.

Gelb, Notarianni & Mullaney, Scranton, Pa., John P. Campana, City Sol., Ambrose R. Campana, Asst. City. Sol., Williamsport, Pa., Anthony Manguso, Corp. Counsel, Abraham I. Okun, Asst. Corp. Counsel, Buffalo, N. Y., Richard N. Saxton, Jr., Sol., Borough of Renovo, Lock Haven, Pa., John D. Gresimer, Sol., Edwin W. Tompkins II, Cameron County Chamber of Commerce, Emporium, Pa., George Hamilton Forman, Buffalo, N. Y., Thomas P. Shearer, Pittsburgh, Pa., Gordon P. MacDougall, Washington, D. C., for plaintiffs.

S. John Cottone, U. S. Atty., Julius Altman, Asst. U. S. Atty., John N. Mitchell, U. S. Atty. Gen., Donald A. Brinkworth, Philadelphia, Pa., W. E. Shissler, Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendants.

Larry Gesoff, Asst. Counsel, Albert W. Johnson, III, Asst. Counsel, Edward Munce, Acting Counsel, Harrisburg, Pa., amicus curiae for Pa. Public Utility Comm.

Before GANEY, Circuit Judge, and SHERIDAN and NEALON, District Judges.

## OPINION OF THE COURT

### PER CURIAM:

In this action plaintiffs seek a review of an Order of the Interstate Commerce Commission refusing, upon jurisdictional grounds, to reopen a prior proceeding allowing the discontinuance of part of a passenger train service operating between Harrisburg, Pennsylvania, and Buffalo, New York. Defendants, United States of America and Interstate Commerce Commission, have moved for a stay of proceedings until May 1, 1971, on the ground that the defendant, Penn Central Transportation Company, must decide by that date, whether or not it will contract with the National Railroad Passenger Corporation pursuant to the newly enacted Rail Passenger Service Act of 1970, Pub.L. 91–518, 91st Cong., 2d Sess., 2 U.S.Code Cong. & Admin.

News, p. 5372 (1970), and if it decides to so contract, then the issues before this Court will become moot. Counsel for defendant Railroad represented in open Court that it is the Railroad's intention at the present time to contract with the new Corporation.

A brief factual listing is necessary to place the present motion in proper posture. On November 4, 1968, Penn Central filed notice of its intention to discontinue a pair of passenger trains operating daily in each direction between Harrisburg, Pennsylvania, and Buffalo, New York, and after investigation and hearing, the Commission, on March 20, 1969, authorized the Railroad to discontinue *daily* service, but ordered the continued operation of these trains on *alternate* days for a period of six months, until September 20, 1969. After expiration of the six-months continuance order, Penn Central, on September 22, 1969, filed a new notice proposing to completely discontinue the alternate-day service effective October 26, 1969. The ICC instituted a new investigation and required the continued operation of alternate-day service for the statutory period of four months. Plaintiffs then requested the Commission to reopen and reconsider its prior order of March 20, 1969, but the Commission denied this request, finding that after September 20, 1969, it no longer had jurisdiction over the matters involved in the prior proceeding,[1] "* * * and because of this termination of jurisdiction there is no basis on which we could grant the relief requested by petitioner." This suit was instituted February 19, 1970, to review the action of the Commission disclaiming jurisdiction to reopen the first discontinuance proceeding and, on October 30, 1970, while this matter was pending, the Rail Passenger Service Act of 1970 was enacted.

This legislation creates a Corporation to operate passenger trains over a basic system to be designated by the Secretary of Transportation. The Act authorized the Secretary to submit to the Commission and the Congress within thirty days his preliminary report and recommendations for the basic system specifying those points between which intercity passenger trains shall be operated. Within thirty days after receipt of the preliminary report, the ICC, State Commissions, railroad representatives and labor organizations were directed to review the report and provide the Secretary with their comments and recommendations in writing. After giving due consideration to such comments and recommendations the Secretary shall, within ninety days after the enactment of the Act, submit his final report designating the basic system to the Congress. A railroad is given the option of contracting or not contracting with the Corporation by May 1, 1971, for the operation of trains over the designated routes. All other intercity trains of railroads so contracting, i. e., those trains not included in the basic system, may be automatically discontinued by the carrier upon giving thirty days notice. The Secretary has submitted both his preliminary and final report and the Harrisburg-Buffalo route has not been designated as a basic system. Consequently, all that remains before the matter before this Court becomes moot is a decision by Penn Central whether or not it will contract with the Corporation. All parties concede that if Penn Central does contract with the Corporation, the fate of the passenger train service between Harrisburg and Buffalo will be decided under the new system. Consequently, we believe that a stay of proceedings for the limited period requested by movants is appropriate.

I. Section 13a(1) of the Interstate Commerce Act provides, in pertinent part, "On the expiration of an order by the Commission after such investigation requiring the continuance or restoration of operation or service, the jurisdiction of

any State as to such discontinuance or change shall no longer be superseded unless the procedure provided by this paragraph shall again be invoked by the carrier or carriers." (49 U.S.C.A. § 13a (1)).